# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:13cr00025-5 |
| v. | **REPORT AND RECOMMENDATION** |
| KAREEM ALLEN SHAW, | |
| *Defendant* | By: Hon. James G. Welsh<br>U.S. Magistrate Judge |

On October 30, 2014 came the United States, by counsel, and came also the defendant, in his own proper person and by his counsel. At which time counsel for the parties jointly represented that the parties had entered into a plea agreement, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing (docket #222).

As set forth in more detail in a Third Superseding Indictment (docket #122) ("the Indictment"), the Grand Jury previously returned a multiple count, multiple defendant, Indictment charging the above-named defendant in **Count One** that beginning on or about the Summer of 2011 and continuing to September 2013, in the Western Judicial District of Virginia and elsewhere this defendant and others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 1000

grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. In addition, the Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of the offense alleged against him.

The Rule 11 plea hearing was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, W. Andrew Harding. Inquiry was made to the defendant pursuant to Rule 11(b) and (c); the government proffered oral and written statements of fact for the purpose of establishing an independent basis for the agreed plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

After the defendant was placed under oath, he was addressed personally in open court. He stated he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is KAREEM ALLEN SHAW; he is twenty-nine (29) years of age, and he has a 10th grade education. He stated he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented

2

Case 5:13-cr-00025-MFU-RSB   Document 339   Filed 12/23/14   Page 2 of 11   Pageid#: 1455

that he had no reservations about the defendant's competency to enter a plea of guilty to the charged felony offense set forth in Count One of the Indictment.

The defendant acknowledged that he had received a copy of the Indictment, and it had been fully explained to him. He stated that he had discussed the charge with his attorney and had been given enough time to do so. He stated he understood the nature of the charge against him in the Indictment and specifically understood it charged a felony offense and contained a forfeiture notice. *See* Rule 11(b)(1)(G). He testified he had discussed any possible defenses with his attorney, and he had been given adequate time to prepare any defenses he might have to the charge. He stated that his decision to enter a plea of guilty to Count One had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a plea of guilty pursuant to the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government next set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to enter a plea of guilty to Count One of the Indictment charging him with participating in a criminal conspiracy to distribute and to possess with intent to distribute both 1000 grams or more of a substance containing heroin and 280 grams or more of a substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) [¶ A.1.]; the defendant's express acknowledgment of both the

3

statutory maximum penalty and the mandatory minimum sentence of imprisonment for the offense charged against him in Count One [¶ A.1.]; his express recognition that any period of incarceration would be followed by a significant period of supervised release which, if violated, could increase his possible period of incarceration [¶A.1.]; the defendant's understanding that he may be required to pay fees for his incarceration and supervised release, that he may be required to pay restitution, and that his assets may be subject to forfeiture [¶¶ A.1. and B.4.]; the defendant's admission of his factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's various monetary obligations, including payment of a $100.00 special assessment and the related restitution and assessment provisions [¶¶ A.1 and B.4.a.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's acknowledgement that the government would object to any sentence below the guideline range [¶ B.1.]; the parties' agreement for purposes of guideline sections 2D1.1 and 1B1.3 that the exact drug weight is a factual matter to be determined by the court, and the defendants agreement to be bound by that factual finding [B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's monetary, financial disclosure and related obligation [¶ B.4.a.-c.]; the terms of the defendant's express relinquishment of his waivable rights of direct appeal [¶ C.1.]; the terms of the defendant's express relinquishment of his waivable rights to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2.]; the defendant's abandonment of any seized property [¶ C.5.]; the defendant's waiver of all rights to access of investigation or prosecution records or

4

information [¶C.3.]; the defendant's acknowledgment that he had been effectively represented in this case [¶ E.3.]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶E.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)‒(O) and 11(c)(1)‒(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that the plea agreement had been fully discussed and its terms reviewed with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense, the defendant acknowledged that he understood the maximum penalty provided by law for the Count One offense was confinement in a federal penitentiary for a term of life, a fine of $10,000.000.00 and a term of supervised release of at least five (5) years, and he understood the mandatory minimum sentence for this offense is imprisonment for a term of ten (10) years. *See* Rule 11(b)(1)(H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

5

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain of his property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence in his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any

6

sentence imposed by the court he would have no right to withdraw this guilty plea.  *See* Rule 11(c)(3)(B).  He acknowledged that he knew parole had been abolished and that he would not be released on parole.  He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would include a period of supervised release or could, if applicable, subject him to deportation from this country.  *See* Rule 11(b)(1)(H) and (O).

Pursuant to the terms of the plea agreement [¶ C.1.], the defendant expressly acknowledged that he understood that he was giving-up all of his waivable rights to appeal.  Likewise, pursuant to the terms of the plea agreement [¶ C.2.], he expressly acknowledged that he understood he was similarly giving-up all of his waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

His procedural rights surrendered on a plea of guilty were also explained: including the right to plead not guilty to any charged offense; the right to persist in any not guilty plea; the right to trial by an impartial jury; the attendant rights to counsel to assist in his defense; the presumption of innocence; the obligation of the government to prove guilt beyond a reasonable doubt; the right at trial to see, hear and confront (to have cross-examined all witnesses presented against the defendant); the right to decline to testify unless one voluntarily elects to do so; the right to remain silent; the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify for the defense, and the right to a unanimous jury verdict.  *See* Rule 11(b)(1)(B)–(E).  The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty.  *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact engaged in the criminal activity alleged against him in the Indictment.

7

## GOVERNMENT'S EVIDENCE

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government described the scope of the overall conspiracy in this case to be "massive." It involved a "source" in New York and co-operating distribution networks located both in the E.D.Va. and in the W.D.Va. According to the government's evidence, the defendant was one of the principal participants in the conspiracy beginning around mid-year in 2012. His participation included his introduction of co-defendant Jones to the New York source (identified as "Mac"), multiple trips weekly to New York, and the distribution of "100s of grams of heroin." The government further represented that it has more than 10 witnesses to testify to the defendants direct participation in illegal distribution activities in the W.D.Va. and the defendant has given both a statement of admission and a lengthy proffer.

The defendant and his counsel each represented that the oral proffer fairly summarized the essentials of the government's case. *See* Rule 11(b)(3).

## THE PLEA

After testifying that he had heard and understood all parts of the proceeding, the defendant waived a reading of the Indictment. Upon being then called-upon for his plea, the defendant entered a plea of **GUILTY** to **Count One** alleging his violation of Title 21 United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See*

8

Case 5:13-cr-00025-MFU-RSB   Document 339   Filed 12/23/14   Page 8 of 11   Pageid#: 1461

Rule 11(b)(2). The defendant reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant did not request release, and he was remanded to the custody of the United States Marshal pending preparation of the presentence report and acceptance of his plea.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth against him in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of his guilty plea to this felony offense;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and his tender of a plea of guilty to Count One was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered his plea of guilty to Count One, of the Indictment;

7. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

9

8. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G));

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court accept the defendant's plea of **GUILTY** to the offense charged in Count One of the Indictment, that the defendant be adjudged guilty of the felony offense set forth against him in Count One, and that a sentencing hearing be set for February 4, 2015 at 2:00 p.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 23rd day of December 2014.

*s/ James G. Welsh*
United States Magistrate Judge